# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 11-28431 |
| Rebecca V. Allen | Hon. Jack B. Schmetterer |
| Debtor, | Chapter 13 |
| | |
| Rebecca V. Allen | Adv No. 11-01943 |
| Plaintiff | Hon. Jack B. Schmetterer |
| v. | |
| Auto Loan Guaranteed Approval LLC | |
| Defendant | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Auto Loan Guaranteed Approval LLC, the following findings of fact and conclusions of law are made and will be entered:

**Findings of Fact**

1. The Plaintiff, Rebecca Allen is an individual residing at 9308 Hunter Drive, #301, Orland Hills, IL 60487.

2. The Defendant, Auto Loan Guaranteed Approval LLC is an Illinois limited liability company with a registered business address at 10214 Mulberry Ln., Unit 1, Bridgeview, IL 60455.

3. The Defendant is a creditor of the Plaintiff. The Defendant was scheduled on the Plaintiff's original schedule D.

4. This Court has jurisdiction under 28 U.S.C. §§ 1334(a), (b).

5. This is a core proceeding under 28 U.S.C. §§ 157(b)(1), (2)(A), (E).

6. On March 24, 2011, the Plaintiff purchased a 2000 Ford Explorer from the Defendant. The Plaintiff was the only borrower to sign the purchase contract. The post settlement outstanding balance was $5,331.15.

7. On March 24, 2011, the Defendant caused a temporary registration to be issued. The temporary registration was set to expire on June 22, 2011. Prior to the expiration of the temporary registration, the Defendant was to cause permanent license plates to be issued.

8. The Defendant failed to apply for permanent license plates. As a result of the Defendant's failure, the temporary registration expired.

9. On or about July 7, 2011, the Plaintiff went back to the Defendant's business office at 7258 S. Harlem Ave., Bridgeview, IL in order to cause the Defendant to issue a new temporary registration until such time as permanent license plates could be obtained.

10. On or about July 7, 2011, but in any event prior to the events described below, the Plaintiff informed the Defendant that she intended to file a chapter 13 bankruptcy petition.

11. On July 7, 2011 the Defendant caused a new temporary registration to be issued for the 2000 Ford Explorer. However, the Defendant caused this registration to be issued in the name of the Plaintiff's 17 year old daughter. A 17 year old is a minor in the State of Illinois. 750 ILCS 30/3-1. A minor is not competent to enter into a contract. E.g., Severs v. Country

Mutual Ins. Co., 91 Ill. App. 3d. 350, 353 (Jones, J. Dissenting)(5th Dist 1980).

12. Also on July 7, 2011 the Defendant caused the Plaintiff's minor daughter to sign a purchase agreement for the same 2000 Ford Explorer that the Plaintiff had already purchased on March 24, 10. The post settlement outstanding balance was $5,927. Thus, between March 24, 2011 and July 7, 2011, the balance due on the 2000 Ford Explorer increased by $595.85.

13. The Plaintiff's underlying chapter 13 bankruptcy case was filed on July 11, 2011. On July 14, 2011, the Plaintiff's attorneys faxed a copy of the automatic stay to the Defendant.

14. Subsequent to July 11, 2011, the Defendant has taken efforts to repossess the 2000 Ford Explorer.

15. On August 25, 2011, the Plaintiff's attorneys sent a cease and desist letter to the Defendant.

16. The Defendant continues its collection efforts. The Defendant calls the Plaintiff on the Plaintiff's cellular phone no fewer than 2 times per day.

17. On or about the evening of September 19, 2011 into the morning of September 20, 2011, the Defendant sent a flat bed truck to the Plaintiff's residence in an effort to repossess the 2000 Ford Explorer. When that truck was too large to fit into the parking lot, the Defendant caused a smaller truck to be sent. The Plaintiff took the car to a local police station. The Defendant's tow truck followed the Plaintiff to the police station. The

police officer on duty informed the Defendant's agents that they would not be allowed to remove the 2000 Ford Explorer from the premises.

18. This Court hereby takes judicial notice of the fact that as of November 21, 2011, the Chapter 13 Trustee had paid $300.00 to the Defendant.

## Conclusions of Law

19. ~~It is not necessary to pass on Counts I and II of the Adversary Complaint because under Section 362 of the Bankruptcy Code and as a sanction for the Defendant's misconduct, this Court has the power to order the Defendant to execute the documents necessary to place the Plaintiff's name on the title to the 2000 Ford Explorer.~~

21. To the extent that the Defendant has not returned any of the funds that it *and based on the "Bill of Sale" signed by Pltff* has received from the Chapter 13 Trustee, ~~it has admitted that~~ it is a creditor of the Plaintiff.

22. The actions of the Defendant described in paragraphs 1 through 17 ~~and paragraph 21~~ *supra* were in contravention of 11 U.S.C. § 362(a)(3) because:

   a. The 2000 Ford Explorer was and is property of the Bankruptcy Estate;

   b. The Defendant's actions were acts to obtain possession of property of the estate and were also acts to collect or recover a claim against the debtor that arose before the commencement of the case.

   c. The Defendant's actions were willful. The Defendant knew as of July 7, 2011 that the Plaintiff was going to be filing a bankruptcy

Findings of Fact and Conclusions of Law
4

petition. The Defendant had actual knowledge of the Plaintiff's bankruptcy filing no later than July 14, 2011.

20. The Plaintiff has been damaged in that her name was wrongfully removed from the title to the 2000 Ford Explorer. This constitutes actual damages suffered by the Plaintiff *under 11 USC 362(k)*.

21. An award of money damages ~~and order requiring the Defendant to cause the Plaintiff's name to be placed onto the title to the 2000 Ford Explorer~~ shall be separately entered *in the amount of $2,622.25 actual damages plus $2,000 ptv punitive damages*.

Signed:
Jack B. Schmetterer

12/8/11

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603